UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BRANDON MILLER,<br><br>    Defendant. | No. 3:18-cr-00084-TMB-DMS<br><br>**REPORT AND RECOMMENDATION**[1] **TO DENY IN PART DEFENDANT'S MOTION TO PROHIBIT USE OF WITHDRAWN PLEA [Dkt. 75]** |

I. **INTRODUCTION**

Defendant Christopher Miller seeks an order prohibiting the government's use of his plea statements regarding his now-withdrawn plea of guilty at trial (Dkt. 75). The government responds in opposition, asserting that it is "entitled to introduce Miller's plea statements into evidence consistent with the waiver provisions of Miller's plea agreement" which deems usable and admissible "(1) the Factual Basis of his plea agreement set forth in Section II.C . . . and (2) his under-oath admissions at the plea colloquy that those statements were true" (Dkt. 79 at 14-15).

For the following reasons, the Court recommends that the District Court **DENY IN PART** the defendant's Motion to Prohibit Use of Withdrawn Plea.

//

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

*United States v. Miller*
3:18-cr-00083-TMB-DMS
R&R re Mtn to Prohibit Use of Withdrawn Plea      1

## II. STATEMENT OF FACTS

**A. Miller's Plea Agreement Was Executed, and His Guilty Plea Was Accepted by the District Court in 2019**

On September 13, 2019, Miller signed a plea agreement which included the following waiver:

> By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea. This provision applies regardless of whether the court accepts this plea agreement.

(*United States v. Miller*, 3:17-cr-00063-TMB (hereinafter "*Miller* 2017"), Dkt. 371 at 12).

On September 19, 2019, the Court held a change of plea hearing (*Miller* 2017 Dkt. 390). During the hearing, the Court explained this waiver to Miller; the Court stated, "[y]ou're also waiving certain rights that you would otherwise have under Evidence Rule 410. . . . If you later change your mind about pleading guilty and the Court allows you to withdraw your guilty plea, the government could still use all of your sworn statements today against you at trial or at other times" (*Miller* 2017 Dkt. 470 at 16). When asked if Miller had any questions about that waiver, Miller responded, "No" (*Miller* 2017 Dkt. 470 at 16). After inquiry into Miller's understanding and willingness to enter the plea agreement, the Court made the following findings:

> I find that the defendant is fully competent and capable of entering an informed plea, that he is aware of his rights, that his plea is made knowingly and voluntarily, that he has had the advice of legal counsel, and that there is a sufficient factual basis for the plea with regard to each of the elements of the offense, the one charge, to which a guilty plea has been entered.

(*Miller* 2017 Dkt. 470 at 20). The Court then issued a report and recommendation recommending that the District Court accept Miller's guilty plea (*Miller* 2017 Dkt. 394). In that report and recommendation, the Court stated its findings that "[t]he defendant's guilty plea is made knowingly and voluntarily, and did not result from force, threats or promises (other than those made in a plea agreement) (*Miller* 2017 Dkt. 394 at 3).

On October 10, 2019, the District Court accepted and adopted the report and recommendation in its entirety, accepting Miller's plea of guilty (*Miller* 2017 Dkt. 396).

**B. The District Court Grants Miller's Motion to Withdraw his Guilty Plea**

Miller filed a motion to withdraw his plea of guilty on November 16, 2020 (*Miller* 2017 Dkt. 476). Miller asserted the withdrawal was necessary due to "erroneous or inadequate legal advice prior to the plea" (*Miller* 2017 Dkt. 476 at 3). Miller asserted several reasons why his counsel was ineffective, including: "(1) not advising him that the factual basis in the Plea Agreement could be sufficient to support a leadership enhancement, (2) inadequately explaining the mechanics of the sentencing statute 18 U.S.C. § 3553 and that Miller could receive a custodial sentence above the range recommended in the Sentencing Guidelines, and (3) not investigating and pursuing relief based on Government investigators' recording and playing back of attorney-client telephone calls between Miller and his former counsel, Chester Gilmore" (*Miller* 2017 Dkt. 492 at 1).

The District Court granted Miller's motion to withdraw his guilty plea, finding that "Miller has demonstrated a 'fair and just reason'" to warrant such withdrawal "because of the inadequate legal counsel provided by Mr. Gilmore regarding the 19 recorded attorney-client telephone conversations at issue" and rejecting Miller's other arguments (*Miller* 2017 Dkt. 492 at 11). The District Court explained, "Miller only needs to show that, had he reviewed the calls

with Mr. Gilmore and reviewed the relevant discovery from the Government, he plausibly would have changed his mind and not pleaded guilty" (*Miller* 2017 Dkt. 492 at 11). The District Court found this standard was met, since

> [a] reasonable person would plausibly want to know the full extent to which these attorney-client calls were recorded, listened to, or otherwise compromised, prior to entering into a guilty plea. Had Miller known about these 19 calls, he would have been able to discuss them with Mr. Gilmore and evaluate whether there was any basis to bring a Sixth Amendment challenge or pursue other legal recourse.

(*Miller* 2017 Dkt. 492 at 13).

### III. APPLICABLE LAW

Federal Rule of Evidence 410 prohibits the use of:

(1) a guilty plea that was later withdrawn;
(2) a nolo contendere plea;
(3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
(4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea

Fed. R. Evid. 410(a). However, "like other evidentiary privileges, this one may be waived or varied at the defendant's request." *United States v. Mezzanatto*, 513 U.S. 196, 205 (1995). Such waivers permit a withdrawn plea to be used as evidence "absent some affirmative indication that the agreement was entered into unknowingly or involuntarily." *Id*. at 210.

Such waiver is made knowingly when it is "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it," and is made voluntarily when "it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Moran v. Burbine*, 475 U.S. 412, 421 (1986) (applying this standard to a waiver of *Miranda* rights); *United States v. Young*, 223 F.3d 905, 910 (8th Cir. 2000) (applying this standard to a Rule 410 waiver).

This knowing and voluntary standard differs from the "fair and just" standard used by courts when determining if a plea should be withdrawn before sentencing. *See* Fed. R. Crim. P. 11(d)(2)(B). The "fair and just" standard, which courts are to apply liberally, requires only that a defendant show that "the proper legal advice of which he was deprived 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty.'" *United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011) (quoting *United States v. Garcia*, 401 F.3d 1008, 1011-12 (9th Cir. 2005)).

## IV. DISCUSSION

The defense asserts that the Rule 410 waiver was invalid because it was not made knowingly, voluntarily, and intelligently (Dkt. 75 at 6). To support this, the defense asserts that "the court has held that Mr. Miller's waiver was based in inadequate legal representation" (Dkt. 75 at 7); asserting further that "[a] waiver that is the product of inadequate representation is by definition not knowing, voluntary and intelligent" (Dkt. 75 at 6).

However, the defense conflates two distinct standards: the "fair and just" standard to warrant the withdrawal of a guilty plea and the "involuntary and unknowing" standard to invalidate a waiver contained in a plea agreement. Accordingly, the District Court did not make a determination on whether the plea agreement was entered into voluntarily or knowingly. The record establishes that Miller did make the Rule 410 waiver voluntarily and knowingly.

### A. The District Court Did Not Conclude the Plea Was Made Involuntarily or Unknowingly When It Granted the Plea Withdrawal.

The District Court's analysis of Miller's plea agreement was made entirely under the framework of a "fair and just" analysis (*Miller* 2017 Dkt. 492). The District Court describes this standard as a liberal one (*Miller* 2017 Dkt. 492 at 10-11), stating that "[a] defendant only needs to show that 'the proper legal advice of which he was deprived could have at least plausibly

motivated a reasonable person in the defendant's position not to have pled guilty" (*Miller* 2017 Dkt. 492 at 10 (citing *Bonilla*, 637 F.3d at 983)). This standard was met; "[a] reasonable person would plausibly want to know the full extent to which [Miller's] attorney-client calls were recorded, listened to, or otherwise compromised, prior to entering into a guilty plea" (*Miller* 2017 Dkt. 492 at 13). Because Miller's counsel failed to inform Miller of the scope and detail of the recorded calls, a fair and just reason existed for Miller to withdraw his guilty plea (*Miller* 2017 Dkt. 492 at 13).

The District Court did not make any determination as to whether Miller entered into the plea agreement knowingly or voluntarily. Therefore, it is necessary for the Court engage in that analysis now.

### B. Miller Knowingly and Voluntarily Waived His Right to Prohibit the Use of His Withdrawn Plea at Trial.

Miller understood that the Rule 410 waiver meant his statements made in signing the plea agreement could be used against him even if it was later withdrawn and he voluntarily agreed to those terms. As mentioned *supra*, a waiver is knowing and voluntary when it is "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it" and is "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Moran*, 475 U.S. at 421. During Miller's change of plea hearing, the Court informed Miller of the consequences of his Rule 410 waiver; that even if his guilty plea is later withdrawn, "the government could still use all of your sworn statements today against you at trial or at other times" (*Miller* 2017 Dkt. 470 at 16). Miller responded that he had no questions regarding that waiver (*Miller* 2017 Dkt. 470 at 16). After extensive inquiry, the Court found Miller to be "fully competent and capable of entering an informed plea [and] that he is aware of his rights, that his plea is made knowingly and voluntarily" (*Miller* 2017 Dkt. 470 at 20). The

Court issued a report and recommendation to that effect (*Miller* 2017 Dkt. 394). The report and recommendation was adopted in its entirely by the District Court (*Miller* 2017 Dkt. 396).

The defense offers no evidence to upset this finding other than to assert that prior counsel's failure to inform Miller of the scope and details of the 19 recorded calls renders the Rule 410 waiver involuntary and unknowing.

In *United States v. McTiernan*, the defendant similarly argued "that his counsel's alleged failure to advise him fully of the possible motion to suppress the recording of [certain conversations] render[ed] his plea agreement invalid." No. CR 06-259-DSF, 2010 WL 11667960, at *1 (C.D. Cal. July 7, 2010). The court held the rule 410 waiver valid regardless, stating that "[the defendant] made a free and deliberate choice. He was not coerced, intimidated, or deceived. The waiver was made with full awareness of the nature of the right and the consequences of the decision to abandon it." *Id*. at *1-2. Similarly, here, counsel's failure to apprise Miller of the scope and detail of recorded calls and advise him of possible legal recourse does not upset the Court's finding that Miller waived his Rule 410 rights knowingly and voluntarily. *See Id*.; *see also Rogers v. Curley*, No. 07-10778, 2009 WL 2841110, at *5 (E.D. Mich. Sept. 1, 2009) (Finding a waiver of jury trial valid, stating "[a] waiver may be voluntary, knowing, and intelligent if the defendant has a minimum amount of knowledge concerning his jury trial right and the mental capacity to understand the implications of the waiver of that right").

**C. The Government May Use Miller's Withdrawn Plea on Rebuttal.**

Next, the defense asserts that a knowing and voluntary Rule 410 waiver permits plea statements to be used for impeachment purposes only (Dkt. 75 at 6). The terms of the waiver in this case are broad; the waiver provides that "[t]he defendant agrees that the statements made by

him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing" (*Miller* 2017 Dkt. 375 at 13). In *Mezzanatto*, the U.S. Supreme Court upheld a Rule 410 waiver, but only considered its use for impeachment purposes. 513 U.S at 211. Five justices expressed doubt as to whether such evidence should be used in the government's case-in-chief. *Id*. at 211 (Ginsburg, J., concurring) ("It may be, however, that a waiver to use such statements in the case in chief would more severely undermine a defendant's incentive to negotiate, and thereby inhibit plea bargaining"); *Id*. at 217-18 (Souter, J., dissenting) (disagreeing with the majority's holding that Rule 410 privileges are waivable and expressing concern that it will lead to the government using plea statements as evidence in its case-in-chief).

In *United States v. Rebbe*, the Ninth Circuit found that the government's use of a defendant's proffer statements made pursuant to a plea agreement was proper when it was used to rebut the presentation of the defense, even though the defendant did not testify. 314 F.3d 402, 406 (9th Cir. 2002). The waiver at issue in *Rebbe* permitted the use of the defendant's proffer statements "to rebut any evidence, argument or representation" *Id*. at 407. The court declined to resolve the issue as to whether those statements could be used in the government's case-in-chief, because the government did not seek to do so. *Id*. at 406. While this is an issue of first impression in the Ninth Circuit, other circuits have found a valid Rule 410 waiver does allow the use of a defendant's plea statements as evidence in the case-in-chief. *United States v. Burch*, 156 F.3d 1315, 1321 (D.C. Cir. 1998); *United States v. Hardwick*, 544 F.3d 565, 570 (3d Cir. 2008); *United States v. Sylvester*, 583 F.3d 285, 289 (5th Cir. 2009); *United States v. Mitchell*, 633 F.3d 997, 1005-06 (10th Cir. 2011).

Here, the government does not indicate that it seeks to use Miller's statements during the plea colloquy in its case-in-chief, or otherwise. Instead this matter is before the court because of a defense motion to prohibit any use of Miller's plea statements. Because the record establishes that Miller's Rule 410 waiver was valid, this Court recommends that the government be permitted use Miller's statements at trial to rebut any evidence, argument, or representation made by the defense. *See Rebbe*, 314 f.3d at 407.

This Court shares the concerns of the concurring and dissenting justices in *Mezzanatto*; permitting the government to use such statements in its case-in-chief could discourage defendants from plea bargaining in the future. *See Mezzanatto*, 513 U.S. at 211, 217-18. Further, in this case, it would frustrate the purpose of Miller's plea withdrawal. While the District Court found it was "fair and just" to allow Miller to withdraw his guilty plea and exercise his right to trial, allowing the government to use his statements in its case-in-chief would abrogate that right, leaving Miller with the consequences of a guilty plea and without the bargained-for benefits of such plea. Because this is an issue of first impression in the Ninth Circuit, it is appropriate that it be resolved at trial by the District Judge, should the government seek to introduce Miller's statements in its case-in-chief. *See Rebbe*, 314 F.3d at 406.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that the District Court **DENY IN PART** Miller's Motion to Prohibit the Use of Withdrawn Plea at Docket 75.

DATED this 13th day of April, 2021 at Anchorage, Alaska.

*/s/Deborah M. Smith*
CHIEF U.S. MAGISTRATE JUDGE
