**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Christopher Brandon Miller*
Case No. 3:17-cr-00063-TMB-DMS-2
Case No. 3:18-cr-00084-TMB-DMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matters come before the Court on the Final Report and Recommendations ("R&Rs") of Chief United States Magistrate Judge Deborah M. Smith[1] recommending denial in part of Defendant Christopher Miller's Motions to Prohibit Use of Withdrawn Plea (the "Motions").[2] Miller filed an objection to the R&R in Case No. 3:17-cr-00063-TMB-DMS-2.[3] For the reasons discussed below, the Court **ADOPTS and ACCEPTS** the R&Rs at Docket 555 in Case No. 3:17-cr-00063-TMB-DMS-2 and Docket 119 in Case No. 3:18-cr-00084-TMB-DMS. Consequently, the Motions at Docket 504 in Case No. 3:17-cr-00063-TMB-DMS-2 and Docket 75 in Case No. 3:18-cr-00084-TMB-DMS are **DENIED in part** and **DEFERRED in part**.

  A. Background

Miller was indicted on several counts including for Drug Conspiracy; Possession of Controlled Substances with Intent to Distribute; Conspiracy to Provide Contraband in Prison; Money Laundering Conspiracy and Money Laundering; and Providing, Attempting to Provide, and Obtaining Contraband in Prison.[4] Miller and the United States subsequently entered into a plea agreement, whereby Miller agreed to plead guilty to Count 1 of the Superseding Indictment, for Drug Conspiracy,[5] in exchange for the United States agreeing to dismiss the remaining counts in

---

[1] Case No. 3:17-cr-00063-TMB-DMS-2 (Docket 555) (R&R); Case No. 3:18-cr-00084-TMB-DMS (Docket 119) (R&R). Both R&Rs address Miller's identical Motions to Prohibit Use of Withdrawn Plea. Although no objection was filed by Miller to the R&R in Case No. 3:18-cr-00084-TMB-DMS, the analysis in this Order applies with equal force in that case. Since the reasoning in Miller's motions and the Magistrate Judge's R&Rs are identical in both cases, this Order will apply in both cases. However, only docket numbers in Case No. 3:17-cr-00063-TMB-DMS-2 will be referenced in this Order unless otherwise noted.
[2] Dkt. 504 (Motion to Prohibit Use of Withdrawn Plea); Case No. 3:18-cr-00084-TMB-DMS (Docket 75) (Motion to Prohibit Use of Withdrawn Plea).
[3] Dkt. 567 (Objection).
[4] *See* Dkts. 27 (Indictment); 151 (Superseding Indictment).
[5] *See* 2l U.S.C. §§ 846 and 841(a)(1), (b)(1)(C), (b)(1)(D), and (b)(1)(E).

1

this case and charges in case number 3:18-cr-00084-TMB-DMS.[6] Miller pleaded guilty pursuant to the plea agreement.[7]

Miller subsequently moved to withdraw his guilty plea. He asserted three separate basis for possible withdrawal.[8] First, Miller argued that he "received inadequate legal advice concerning the sentence he could receive as a result of his plea[.]"[9] Second, Miller argued that he and his attorney, Mr. Chester Gilmore, did not discuss the possibility that the Court could impose a sentence above the calculated Sentencing Guideline range and up to the maximum statutory penalty.[10] Third, Miller argued that the 19 recorded telephone calls between Miller and Mr. Gilmore were "not disclosed prior to Mr. Miller's plea and [are] new information," which constitute a fair and just reason for withdrawal.[11] Miller's counsel at the time, Mr. Gilmore, did not recall whether he reviewed all of the recorded telephone calls or whether he discussed the calls with Miller at any point.[12]

The Court granted Miller's motion to withdraw his guilty plea.[13] Applying the liberal standard for permitting the withdrawal of a plea, the Court concluded that Miller " demonstrated a 'fair and just reason' through his third argument," since Miller "could have plausibly changed his mind had he known the full extent of the recorded calls prior to his pleading guilty."[14] The Court did not reach the merits of Miller's first two arguments.[15]

   B. <u>Motions to Prohibit Use of Withdrawn Plea</u>

Miller filed the Motions to prohibit the use of his withdrawn plea at trial.[16] Miller argues that under Federal Rule of Evidence ("FRE") 410 and Federal Rule of Criminal Procedure ("FRCP") 11, a withdrawn plea agreement is generally not admissible at trial.[17] Miller acknowledges that the language of the plea agreement creates a waiver of the protections of FRE 410 and FRCP 11.[18] The question, Miller states, "is whether the waiver can now be enforced given that the Court has held that the plea agreement was entered based on inadequate legal counsel."[19]

---

[6] Dkt. 371 at 2 (Plea Agreement).
[7] Dkt. 390 (Minute Entry).
[8] Dkt. 476 (Motion to Withdraw Plea).
[9] *Id.* at 6.
[10] *Id.* at 7.
[11] *Id.* at 9–10.
[12] Dkt. 492 at 12 (Order Granting Miller's Motion to Withdraw Plea).
[13] *Id.* at 13.
[14] *Id.* at 11–12.
[15] *Id.* at 11.
[16] Dkt. 504.
[17] *Id.* at 4.
[18] *Id.*
[19] *Id.*

Miller discusses the holdings of the Supreme Court in *United States v. Mezzanatto*,[20] and Ninth Circuit in *United States v. Rebbe*.[21] The defendant in *Mezzanatto* agreed that any statement made during a pre-trial meeting between the defendant and prosecutor could be used for impeachment purposes at trial, including his admission that he attempted to sell an undercover police officer a package containing methamphetamine.[22] At trial, the defendant took the stand and denied being involved in methamphetamine trafficking.[23] The prosecutor then cross-examined the defendant by using the pre-trial interview statements.[24] The Supreme Court held that "absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement [rules of evidence] is valid and enforceable."[25]

Subsequent to *Mezzanatto*, the Ninth Circuit applied *Mezzanatto* and permitted the use of waived proffer statements in the United States' rebuttal case at trial.[26] The Circuit noted that the FREs and FRCPs are "presumptively waiveable" and that the defendant could overcome this presumption "by identifying some affirmative basis for concluding that the Federal Rules cannot be waived for purposes of rebuttal."[27] Although the defendant did not testify at trial, the defense "presented evidence and made representations at trial that were inconsistent with his proffer statements" and thus the United States had the option to introduce his proffer statements in rebuttal.[28]

Miller argues that *Mezzanatto* and *Rebbe* are distinguishable because neither "argued that they had received inadequate legal [advice] prior to entering their waivers and in neither case had the court found their counsel was inadequate."[29] Miller argues that "an individualized inquiry reveals that Mr. Miller's waiver was not knowing, voluntary and intelligent."[30]

In opposition to the Motions, the United States argues that the Court's "decision to allow [Miller] to withdraw his plea does not indicate that the plea agreement was entered into involuntarily or without full knowledge by the defendant."[31] The United States points out that Miller "had ample opportunity to discuss all of the terms of the plea agreement with counsel before making any agreement" and "was explicitly advised, in open court . . . of the consequences of his [FRE] 410 waiver[.]"[32] Miller did not assert that his plea was invalid when he moved to withdraw, opting

---

[20] 513 U.S. 196 (1995).
[21] 314 F.3d 402 (9th Cir. 2002).
[22] *Mezzanatto*, 513 U.S. at 198.
[23] *Id.* at 199.
[24] *Id.*
[25] *Id.* at 210.
[26] *Rebbe*, 314 F.3d at 407.
[27] *Id.* at 407 (citing *Mezzanatto*, 513 U.S. at 204).
[28] *Id.* at 407–08.
[29] Dkt. 504 at 7.
[30] *Id.*
[31] Dkt. 509 at 10 (Opposition) (citation omitted); *see also* Case No. 3:18-cr-00084-TMB-DMS (Docket 79) (Opposition).
[32] Dkt. 509 at 12.

instead to argue that the Court should apply the liberal "fair and just reason" standard to permit him to withdraw.[33] The United States acknowledges that "[n]either the Supreme Court nor the Ninth Circuit have addressed whether a waiver can permit the use of plea statements in the government's case-in-chief[.]"[34]

C. Final Report and Recommendations

On April 13, 2021, the Magistrate Judge issued the R&Rs recommending denial in part of Miller's Motion.[35] First, the Magistrate Judge stated that the Court's decision was made "entirely under the framework of a 'fair and just' analysis" and not whether the plea was entered into involuntarily or unknowingly.[36] Second, the Magistrate Judge proceeded to analyze whether Miller "knowingly and voluntarily" waived his right to prohibit use of his withdrawn guilty plea at trial.[37] The waiver in the plea agreement states:

> By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea. This provision applies regardless of whether the court accepts this plea agreement.[38]

The Magistrate Judge stated that Miller was informed of the consequences of his FRE 410 waiver at the change of plea hearing and that the Magistrate Judge found Miller to be "'fully competent and capable of entering an informed plea[.]'"[39] She further stated that "counsel's failure to apprise Miller of the scope and detail of recorded calls and advise him of possible legal recourse does not upset the Court's finding that Miller waived his Rule 410 rights knowingly and voluntarily."[40]

Third, the Magistrate Judge concluded that the United States may use Miller's withdrawn plea agreement on rebuttal, citing *Rebbe*.[41] The Magistrate Judge noted that the terms of the waiver are broad; it provides that "'[t]he defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing[.]'"[42] The Magistrate Judge interpreted *Mezzanatto* as permitting the

---

[33] *Id.* at 13.
[34] *Id.* at 8.
[35] Dkt. 555; 3:18-cr-00084-TMB-DMS (Docket 119).
[36] Dkt. 555 at 5.
[37] *Id.* at 6.
[38] Dkt. 371 at 12.
[39] Dkt. 555 at 2–3 (quoting Dkt. 470 at 20).
[40] *Id.* at 7.
[41] *Id.* at 7–8.
[42] *Id.* at 8 (quoting Dkt. 371 at 12).

use of the plea agreement for impeachment purposes, but, through dicta, not for the United States' case-in-chief.[43] The Magistrate Judge also noted that "other circuits have found a valid [FRE] 410 waiver *does* allow the use of a defendant's plea statements during the United States' case-in-chief."[44]

The Motions concern Miller's request to prohibit *any* use of his plea statements. The Magistrate Judge recommends that, at a minimum, the United States be permitted to use Miller's statements at trial "to rebut any evidence, argument, or representation made by the defense[,]" consistent with *Rebbe*.[45] The Magistrate Judge defers to the Court as to whether the United States should be permitted to use Miller's statements in its case-in-chief but "shares the concerns of the concurring and dissenting justices in *Mezzanatto*; permitting the government to use such statements in its case-in-chief could discourage defendants from plea bargaining in the future."[46]

D. Miller's Objection

Miller objected to the R&R in Case No. 3:17-cr-00063-TMB-DMS-2, reasserting that his plea was not voluntary and intelligent in nature.[47] He asserts that he did not conflate the "fair and just" standard use to evaluate a Motion to Withdraw Plea and the "involuntary and unknowing" standard used to invalidate a waiver contained in a plea agreement.[48] He implicitly characterizes the Court's order on the Motion to Withdraw as determining that Mr. Gilmore's inadequate counsel was "outside the range of competence."[49]

Miller then argues that he

> entered his plea agreement without an adequate understanding of everything he was giving up in order to plead guilty. In particular, he was unaware of the factual basis underlying a potential motion to dismiss based on the Sixth Amendment. The whole agreement was entered based on this lack of awareness. The plea agreement is invalid as a result and all the waivers contained in the plea agreement must also be invalid.[50]

Miller also states that the Magistrate Judge's recommendation is too broad, because it would allow the United States to use Miller's plea for any rebuttal purpose.[51] If the Court allows the plea

---

[43] "Five justices expressed doubt as to whether such evidence should be used in the government's case-in-chief." Dkt. 555 at 8 (citing *Mezzanatto*, 513 U.S. at 211 (Ginsburg, J., concurring); *Id.* at 217–18 (Souter, J., dissenting)).
[44] *Id.* at 8–9 (collecting cases).
[45] *Id.* at 9.
[46] *Id.*
[47] Dkt. 567 at 2. No objection was filed by Miller to the R&R in Case No. 3:18-cr-00084-TMB-DMS.
[48] *Id.* (internal quotation marks omitted).
[49] *Id.*
[50] *Id.* at 3.
[51] *Id.* at 4–5.

5

statements to be used at trial, Miller argues it should only be for purposes of impeaching Miller if he testifies.[52]

Here, the Court agrees with the Magistrate Judge's thorough analysis and recommendations. For the reasons discussed in the R&Rs, the Court agrees that Miller's plea was knowing and voluntary and his waiver was valid.[53] The Court's prior order granting Miller's Motion to Withdraw Plea does not disturb this conclusion. In the order granting the Motion to Withdraw Plea, the Court found that Miller demonstrated a "fair and just" reason for requesting the withdrawal of his plea based on "the inadequate legal counsel provided by Mr. Gilmore regarding the 19 recorded attorney-client telephone conversations at issue[.]"[54] The Court did not conclude that Mr. Gilmore's performance was "outside the range of competence" or that Miller would prevail in a claim for ineffective assistance of counsel or other relief. The Court noted that "[t]he Ninth Circuit has made clear that the liberal standard provided by Rule 11 allows defendants like Miller the ability to withdraw their plea on a basis of inadequate legal advice, even if they do not show prejudice."[55]

As the Magistrate Judge points out, the Court can square its analysis in granting Miller's Motion to Withdraw Plea with the Magistrate Judge's R&Rs because the standards applied are different. "[A] waiver is made knowingly when it is 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it,' and is made voluntarily when 'it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.'"[56] On the other hand, "[t]he 'fair and just' standard, which courts are to apply liberally, requires only that a defendant show that 'the proper legal advice of which he was deprived "could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty."'"[57] Miller's plea was not entered into unknowingly or involuntarily simply because of Mr. Gilmore's performance with regard to the 19 recorded telephone calls and Miller has put forward no argument that necessitates a different conclusion.

Consistent with *Mezzanatto* and *Rebbe*, and the Magistrate Judge's recommendations, the United States will be permitted at trial to use Miller's statements for impeachment purposes if Miller testifies or on rebuttal if Miller presents "a defense that [is] inconsistent" with the statements in his plea agreement.[58] If the United States wishes to use Miller's plea agreement statements in its case-in-chief at trial, it shall make an application to the Court prior to trial, so that the parties can more comprehensively brief the issue. The Court does not reach a decision at this time as to whether the United States will be permitted to use Miller's plea agreement statements in its case-in-chief.

//

---

[52] *Id.*
[53] *See* Dkt. 555 at 5–7.
[54] Dkt. 492 at 11.
[55] *Id.* (citing *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008)).
[56] Dkt. 555 at 4 (citing *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).
[57] *Id.* at 5 (citing *United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011)).
[58] *Rebbe*, 314 F.3d at 407.

E.  Conclusion

The Court concludes Miller's objection does not merit revision or rejection of the R&Rs. Accordingly, the Court **ADOPTS and ACCEPTS** the R&Rs at Docket 555 in Case No. 3:17-cr-00063-TMB-DMS-2 and Docket 119 in Case No. 3:18-cr-00084-TMB-DMS. Consequently, the Motions at Docket 504 in Case No. 3:17-cr-00063-TMB-DMS-2 and Docket 75 in Case No. 3:18-cr-00084-TMB-DMS are **DENIED in part** and **DEFERRED in part**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 9, 2021.